IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CECILIA HOTARD, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 21-00554-KD-B |
| | * | |
| CERTAIN UNDERWRITERS AT | * | |
| LLOYD'S, LONDON, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendants Southern Alabama Insurance, LLC and Mills Mehr & Associates, Inc.'s renewed motion to dismiss (Doc. 4). The motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends that the motion be **GRANTED**, and that Plaintiffs' claims against Defendants Southern Alabama Insurance, LLC and Mills Mehr & Associates, Inc. be **DISMISSED**.

## I.   BACKGROUND

This action arises from a first-party property insurance dispute. Plaintiffs Cecilia and Ron Hotard commenced this action by filing a complaint in the Circuit Court of Baldwin County, Alabama on November 23, 2021. (Doc. 1-2 at 3-8). Plaintiffs' complaint names as Defendants Certain Underwriters at Lloyd's of

London, a/k/a Certain Underwriters at Lloyd's, London and Chubb European Group SE ("Lloyd's"), Southern Alabama Insurance, LLC ("SAI"), and Mills Mehr & Associates, Inc. ("Mills Mehr").[1]  (Id. at 3-4).

In their complaint, Plaintiffs allege that Lloyd's issued an insurance policy that provided coverage for their property, located in Orange Beach, Alabama.  (Id. at 4).  Plaintiffs allege that the property suffered substantial damage as a result of a covered loss, and that they timely and properly reported the loss to Defendants and complied with all terms and conditions of the policy, but Defendants failed to properly investigate the insured event and pay for the covered loss.  (Id. at 4-5).  Plaintiffs bring claims against all Defendants for bad faith failure to investigate and failure to pay insurance proceeds (count one) and breach of the insurance contract (count two).  (Id. at 5-7).

On December 30, 2021, Lloyd's filed an answer to the complaint in state court, and SAI and Mills Mehr filed a motion to dismiss in state court.  (Id. at 64-68, 76-79).  On January 3, 2022, Lloyd's removed the case to this Court pursuant to 28 U.S.C. §§

---

[1] Plaintiffs' complaint also names several fictitious Defendants, "a practice which is allowed under the state procedural rules" but "is not generally recognized under the Federal Rules of Civil Procedure."  Collins v. Fingerhut Companies, Inc., 117 F. Supp. 2d 1283, 1283 n.1 (S.D. Ala. 2000).

1441 and 1446, asserting diversity jurisdiction under 28 U.S.C. § 1332.[2]  (Doc. 1).

SAI and Mills Mehr then renewed their motion to dismiss, which was previously filed in state court, by filing it with this Court. (Doc. 4).  SAI and Mills Mehr advise that the instant motion is materially the same as the motion to dismiss filed in state court prior to removal, except for references to federal procedural rules and law.  (Id. at 1 n.1).  Plaintiffs filed a response notifying the Court that they do not oppose SAI and Mills Mehr's motion to dismiss.  (Doc. 6).  Thus, the motion is ready for resolution.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In evaluating a motion to dismiss under Rule 12(b)(6), a court "must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Almanza v. United Airlines, Inc., 851 F.3d 1060, 1066 (11th Cir. 2017).  That said, "[l]egal conclusions without adequate factual

---

[2] Lloyd's attached to its notice of removal a consent to removal by SAI and Mills Mehr.  (Doc. 1-3).  In its notice of removal, Lloyd's acknowledged that SAI is a citizen of Alabama but maintained that SAI's citizenship as a forum defendant should be disregarded in evaluating whether diversity jurisdiction exists because there is no possibility Plaintiffs can sustain an action against SAI for bad faith or breach of contract.  (Doc. 1 at 3). Plaintiffs did not contest Lloyd's assertion.

support are entitled to no assumption of truth." <u>Mamani v.
Berzain</u>, 654 F.3d 1148, 1153 (11th Cir. 2011). "To survive a
motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to 'state a claim to relief that is
plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678
(2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570
(2007)).

A court reviewing a motion to dismiss must typically limit
its consideration to the complaint and exhibits attached thereto.
<u>Grossman v. Nationsbank, N.A.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000)
(per curiam). However, a "court may consider an extrinsic document
if it is (1) central to the plaintiff's claim, and (2) its
authenticity is not challenged." <u>SFM Holdings, Ltd. v. Banc of
Am. Secs., LLC</u>, 600 F.3d 1334, 1337 (11th Cir. 2010); <u>see also
Harris v. Ivax Corp.</u>, 182 F.3d 799, 802 n.2 (11th Cir. 1999)
(stating that "a document central to the complaint that the defense
appends to its motion to dismiss is also properly considered,
provided that its contents are not in dispute").

### III. <u>DISCUSSION</u>

SAI and Mills Mehr contend that they were not parties to the
insurance policy between Lloyd's and Plaintiffs and thus cannot be
liable for breach of the policy or related bad faith.
Specifically, they assert that SAI is the surplus lines broker
through which the policy was placed, and Mills Mehr is the third-

party claim administrator for Plaintiffs' property loss claim.
(Doc. 4 at 1-3).  SAI and Mills Mehr argue that Alabama law forbids
imposition of liability against a broker or administrator who is
not a party to an insurance policy for breach of the insurance
contract or bad faith in relation to same.[3]  (Id. at 1, 3-5).

The legal authority cited by SAI and Mills Mehr "supports the
proposition that [a broker or third-party administrator] who is a
non-party to an insurance contract generally cannot be held liable
for breach of contract or bad faith in relation to same."  See
McCain v. Lexington Ins. Co., 2005 U.S. Dist. LEXIS 30074, at *7,
2005 WL 3098928, at *2 (S.D. Ala. Nov. 17, 2005).  For example, in
Pate v. Rollison Logging Equip., Inc., 628 So. 2d 337 (Ala. 1993),
the Alabama Supreme Court held that an insurance professional could
not "be liable for breach of contract, because he acted as a broker
to place the insurance and was not a party."  Id. at 343.
Similarly, in Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.,
551 So. 2d 283 (Ala. 1989), the Alabama Supreme Court found that
the trial court properly granted summary judgment in favor of an
insurance agent on a breach of contract claim because the
undisputed evidence showed that the agent was not a party to the
insurance contract.  Id. at 285.  The Ligon court also stated that
"[t]he tort of 'bad faith' is not a cognizable cause of action in

---

[3] The parties appear to agree that Alabama law governs this dispute.

Alabama, except in the context of a breach of an insurance contract, *by a party to that insurance contract*." Id. (emphasis added) (internal citations omitted).  Thus, the court reasoned that non-parties to the insurance contract could not be held liable for a claim of bad faith.  Id.

Here, Plaintiffs' complaint alleges that Lloyd's issued the subject insurance policy, and that SAI was "acting as an agent" and Mills Mehr was "acting as the claims service manager" for Lloyd's "at all relevant times herein."  (Doc. 1-2 at 4).[4]  The complaint does not allege that either SAI or Mills Mehr is a party to the subject insurance policy.  (See id. at 3-7).  And, Plaintiffs do not oppose the instant motion and thereby concede that that SAI and Mills Mehr cannot be held liable for breach of the subject insurance contract or related bad faith.  (See Doc. 6).  Accordingly, Plaintiffs' claims against SAI and Mills Mehr are due to be dismissed.

**IV.  CONCLUSION**

For the reasons set forth above, the undersigned recommends that Defendants' renewed motion to dismiss (Doc. 4) be **GRANTED**, and that Plaintiffs' claims against Defendants Southern Alabama Insurance, LLC and Mills Mehr & Associates, Inc. be **DISMISSED**.

---

[4] The declaration page of the insurance policy, which is attached as an exhibit to the instant motion to dismiss, lists the insurer as: "60% Certain Underwriters at Lloyd's of London/40% Chubb European Group SE".  (Doc. 4-2 at 5).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **7th** day of **February, 2022.**

         **/s/ SONJA F. BIVINS**
        **UNITED STATES MAGISTRATE JUDGE**